**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4463**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JOHNNY LEE SIMMONS, a/k/a JJ,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:02-cr-00289-PMD-7)

_____

Submitted:  August 21, 2008          Decided:  August 25, 2008

_____

Before WILLIAMS, Chief Judge, and KING and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. Michael Rhett DeHart, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Lee Simmons appeals the modification of supervised release imposed after he violated the terms of his supervised release. Simmons' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. Counsel suggests, however, that the district court abused its discretion in sentencing Simmons to serve three months in a community corrections center. Simmons was advised of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. Finding no error, we affirm.

This court will affirm a sentence imposed after revocation or modification of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). This court explained that it must first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall[v. United States, 128 S. Ct.

586, 597 (2007)], whether a sentence is 'unreasonable.'"). Should this court conclude a sentence is reasonable, it should affirm the sentence. Crudup, 461 F.3d at 439. Only if a sentence is found procedurally or substantively unreasonable will this court "decide whether the sentence is plainly unreasonable."* Id. (emphasis in original); see Finley, 531 F.3d at 294. Although the district court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2008), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted).

Simmons' counsel questions whether the three-month sentence to be served in a community corrections center is unreasonable. Simmons does not challenge the procedural aspects of his sentence. In reviewing the substantive reasonableness of a sentence for abuse of discretion,

> the court will, of course, take into account
> the totality of the circumstances, including
> the extent of any variance from the Guidelines
> range . . . . [I]f the sentence is outside the
> Guidelines range, the court may not apply a
> presumption of unreasonableness. It may
> consider the extent of the deviation, but must
> give due deference to the district court's

---

*"[F]or purposes of determining whether an unreasonable sentence is plainly unreasonable, plain is synonymous with clear or, equivalently, obvious." Crudup, 461 F.3d at 439 (internal quotation marks and citation omitted).

decision that the § 3553(a) factors, on a whole, justify the extent of the variance.

Gall, 128 S. Ct. at 597.

Here, the district court thoroughly stated its reasons for imposing the three month placement. We conclude that the district court's imposition of the sentence is reasonable. Based on the conclusion that the sentence is reasonable, "it necessarily follows that [Simmons'] sentence is not plainly unreasonable." Crudup, 461 F.3d at 440; see Finley, 531 F.3d at 297.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's modification of the terms of Simmons' supervised release. This court requires that counsel inform Simmons, in writing, of the right to petition the Supreme Court of the United States for further review. If Simmons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simmons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4